Charles Guzy v. Commissioner.
Guzy v. Commissioner
Docket No. 9773.
United States Tax Court
1949 Tax Ct. Memo LEXIS 123; 8 T.C.M. (CCH) 681; T.C.M. (RIA) 49182; July 29, 1949
Lawrence A. Baker, Esq., 730 Fifteenth St., N.W., Washington 5, D.C., for the petitioner. William H. Best, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: The respondent determined deficiencies in gift tax against petitioner and asserted penalties for failure to file gift tax returns, as follows: Year
Gift Tax
Penalty
1938
$ 585.57
$146.39
1939
1,066.51
266.63
1941
459.80
114.95
1942
1,141.60
The questions presented are (1) Did the petitioner make taxable gifts to his wife, Frieda Guzy, during the calendar years 1938, 1939, 1941 and 1942, within the meaning of the Revenue Act of 1932 and of the Internal Revenue Code, and (2) is the petitioner liable for penalties for failure to file gift tax returns, within the time prescribed *124 by law, in respect of each of the calendar years 1938, 1939 and 1941. Findings of Fact The petitioner is an individual residing at 397 West Academy St., Wilkes-Barre, Pa. He filed gift tax returns for the calendar years 1936, 1937 and 1942 with the collector of internal revenue for the 12th district of Pennsylvania, Scranton, Pa. He failed to file a gift tax return for the years 1938, 1939 and 1941. The petitioner's wife is named Frieda Guzy. Attached to the petitioner's gift tax returns for each of the calendar years 1936, 1937 and 1942 was a document, or a copy thereof, reading as follows: "John M. Addison, Certified Public Accountant, Thirty Broad Street, New York
In addition to the items here returned, covering the calendar years 1936, 1937 and 1942, the donor, Charles Guzy, has bought and now owns other securities registered: Charles Guzy and Mrs. Frieda Guzy; still others registered: Charles Guzy and Mrs. Frieda Guzy as Joint Tenants with Right of Survivorship and not as Tenants in Common. These other securities are not here returned, without prejudice, pending an audit and review of the returns in accordance with my telephone communication on March 31st, 1943, with *125 Mr. Adelbert Christy, Assistant Deputy Commissioner in Charge of Estate and Gift Taxes, in Washington, D.C.
April 9, 1943. (signed) John M. Addison, Certified Public Accountant." During each of the calendar years 1938, 1939, 1941 and 1942, the petitioner purchased certain securities and had such securities registered as follows: "Charles Guzy and Mrs. Frieda Guzy as Joint Tenants with Right of Survivorship and not as Tenants in Common". All of the money used for the purchase of these securities was supplied by the petitioner. At the instance of petitioner he and his wife signed and filed with the brokers and persons controlling the (joint) accounts certain authorizations. One authorization, which is typical of others executed by them, provided in part as follows: "In consideration of your carrying the account designated as: Charles Guzy and Frieda Guzy the undersigned acknowledge that we are jointly interested in the foregoing account, and agree and acknowledge ourselves to be jointly and severally responsible for said account and liable for any debit balance or obligation thereunder. "Purchases, sales or any contracts in connection with said account may be made by any *126 one of the undersigned, and any one of them may withdraw moneys or securities therefrom, transfer, assign or pledge securities or assets therein, or take any action whatsoever with reference thereto, and you are hereby authorized to act upon any instructions from or by any one of the undersigned with reference to said account, as completely as though so instructed by all persons interested in said account. "Any payment, assets or securities from said account delivered to any of the undersigned or to the personal representatives of any one of the undersigned deceased, shall be regarded as due payments or delivery by all persons interested in said account." Petitioner's wife first learned of the above-mentioned purchases when the petitioner asked her to sign, and she did sign at his request, documents relating to the joint accounts. When petitioner asked her to sign these documents, "He just said they [the securities] were bought for us" and she interpreted this statement to mean that her husband was giving her something. She acted with respect to the joint accounts as the petitioner requested without reading documents signed by her at his request. She only knew that the accounts *127 existed and did not know when individual purchases were made for the joint account. The fair market value of the securities purchased by petitioner during the years 1938, 1939, 1941 and 1942 for the joint account of himself and his wife, as above indicated, together with the present worth of Frieda Guzy's interest in such securities, for gift tax purposes, is as follows: Present worth
Fair market
of Frieda
Year
value
Guzy's interest
1938
$24,900.00
$15,227.35
1939
29,387.50
18,064.79
1941
78,328.75
48,644.50
1942
15,620.00
9,750.63
Dividends derived from the securities purchased by petitioner in the joint names of himself and wife were deposited to their credit in the joint account. During the calendar years 1943 and 1944 these securities were sold, and the proceeds from such sales were deposited in the joint bank account of Charles and Frieda Guzy at the Continental Bank & Trust Company, New York Cty. This joint bank account was subsequently closed and the balance therein deposited in the personal account of petitioner. Opinion The petitioner contends that he did not make taxable gifts to his wife during the calendar years 1938, 1939, *128 1941 and 1942 when he purchased securities in their joint names. Petitioner is a resident of the State of Pennsylvania. Under the law of that state an estate by the entirety is created whenever title to property vests in two persons, who are, when it so vests, husband and wife. . This rule applies to personal property as well as to real estate. . "An intention to create the entirety is assumed from the deposit in both names and from the fact of marital relationship." . When a husband purchases property in the joint names of himself and his wife he not only creates an estate by entirety in Pennsylvania, but he transfers to her an interest in property which she did not theretofore posses. When this transfer is without consideration it constitutes a gift. Regulations 108, Sections 86.2 and 86.19(h). ; . Despite the fact that he purchased securities in such a manner as to create estates by entireties under *129 the law of Pennsylvania, petitioner contends he did not make any gifts to his wife. In support of this contention he cites that portion of Regulations 108, section 86.3, which provides that "* * * A gift is incomplete in every instance where a donor reserves the power to revest the beneficial title to the property in himself" and an excerpt from the opinion of the Supreme Court in , wherein that Court said that "When the gift tax was enacted Congress was aware that the essence of a transfer is the passage of control over the economic benents of property rather than any technical change in its title." Petitioner urges that the evidence discloses that he supplied the funds with which securities were bought in joint account; that from the inception of such accounts he held complete authority, acting alone, to deal with the accounts as he pleased; that income from securities bought in the joint account was deposited in the joint account and both the securities and the income were treated by him as his own; and that eventually the proceeds of the joint accounts were put into petitioner's personal account, over which petitioner's *130 wife had no authority. The evidence submitted by petitioner does not support his contention that there was no completed gift to his wife of any interest in the securities purchased by him in their joint names. The documents which he and his wife executed, an excerpt from which is set forth in our findings, do not contain any reservation of power in petitioner to revest title to the securities in himself or to treat the proceeds of their sale as his own. They simply provided that "any one" of them (petitioner or his wife) could make purchases or sales in connection with the accounts, withdraw moneys or securities therefrom, or take any action whatsoever with reference thereto. The estate by the entirety is created by the conveyance on which it is based, not upon subsequent events which cause the fee simple to vest in either party. , cert. denied . The case of , is in point. In that case a husband and wife agreed to deposit their common earnings in an account in their joint names. Thereafter all of the earnings of the husband were turned over to the wife *131 and deposited by her. The passbook issued by the bank contained the agreement which provided in part that the deposits "are our property as husband and wife, by entirety, and we do hereby direct [the] * * * bank to honor all checks that we or either of us may draw upon [the] * * * account." The wife withdrew $6,000 from the joint account, leaving a balance of $18, and deposited the $6,000 in her own name in another bank. The husband knew nothing about the withdrawal, and when he subsequently was apprized of it he brought suit to restrain his wife from withdrawing the money from her account. The opinion of the Supreme Court of Pennsylvania, in so far as here pertinent, stated: "One of the parties cannot destroy the incidents of the entirety by any act of his or hers. * * * It is the contention of appellant that when the parties expressed in the agreement that 'either of them' could withdraw all or any part of the fund, one of the elements essential to an estate by entirety was lacking, which she describes as the unity of control, but while unity of control must exist * * *, this is bound up in the four incidents of such an estate. The fund withdrawn is still subject to the legal *132 status of the estate, and it has stamped on it in the hands of the one who withdrew it all the elements of a trust. Where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be carried in good faith for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto. We have held that the fact an agreement creating an estate by entirety contains the right to withdraw by either husband or wife, does not destroy the legal effect of the estate. * * *" In the instant proceeding the petitioner purchased securities in the joint names of himself and his wife. He told his wife at the time he presented the above-mentioned documents for signature that the securities "were bought for us" and she interpreted this to mean that he was giving her something. When the securities were sold the proceeds were deposited in their joint bank account, although subsequently, at some undisclosed date, they were transferred to the personal account of petitioner. The decision of the Supreme Court of Pennsylvania *133 in , seems to us to be ample authority for holding that petitioner created an estate by the entirety, that the documents executed by him and his wife with reference to the joint account contained nothing that was inconsistent with the creation of this estate and the transfer to the wife of an interest therein, and that after the purchase of the securities for the joint account petitioner lost the right to treat the securities or the proceeds of their sale as his own. Our conclusion is that the purchases by petitioner of securities in the name of himself and wife resulted in taxable gifts to the extent of the value of the interests in the securities acquired by her. The value is not in dispute between the parties. There remains the question of the penalties asserted by the respondent for failure of petitioner to file any gift tax returns for the years 1938, 1939, and 1942. Although petitioner alleged in his petition that the respondent erred in determining these penalties, he makes no argument with respect thereto on brief and apparently concedes that he is liable for the penalties in the event the main issue is decided adversely to him. *134 This issue is resolved in favor of the respondent. , affd. . Decision will be entered for the respondent.